CHARLES DEUTERMANN and Others, as Executors, etc., Appellants, *v.* ALEXANDER POLLOCK and SAMUEL H. GAINSBORG, Respondents.

*Where a motion to resettle a case is made on a private stenographer's minutes the order must recite, although the court rejects them.*

Where a motion to resettle a case upon appeal is made upon an order to show cause, reciting that it is made upon the affidavit of one Frank F. Wood, a private stenographer, "and those portions of the stenographer's minutes taken upon the trial by said Wood," applicable to certain amendments, the moving party is entitled to have the order disposing of such motion recite such minutes as a part of the motion papers, although the court which decided the motion held that the minutes of the official stenographer were the only standard aside from the recollection of the trial judge.

APPEAL by the plaintiffs, Charles Deutermann and others, as executors, etc., from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 14th day of October, 1898, denying their motion to resettle an order resettling the case upon appeal.

*Eugene Frayer*, for the appellants.

*Wilson Brown, Jr.*, for the respondents.

PER CURIAM:

An order was made in this cause on the 23d day of July, 1898, resettling the case on appeal. The plaintiffs had moved for a resettlement of the case upon an order to show cause, which recited that it was made upon an affidavit of one Frank F. Wood "and those portions of the stenographer's minutes taken upon the trial by said Wood" applicable to certain amendments thereinafter specified. In resettling the case on appeal the learned judge refused to follow the notes of this private stenographer, holding that the notes of the official stenographer are the only standard, aside from the memory of the trial judge. This clearly appears from his opinion. In his order resettling the case, however, no reference was made to the fact that Mr. Wood's minutes were before him, and the plaintiffs' grievance on the present appeal is that the judge declined to amend said order so as to recite those minutes as part of the motion papers.

We think that they should have been recited. The opinion of Mr. Justice DYKMAN shows beyond any doubt that they were brought to his attention, for he expressly refers to "the request of the

counsel for the plaintiff to substitute the notes of his private stenographers for those of the official stenographer," and says that such request cannot prevail for obvious reasons. As already stated, these minutes were mentioned in the order to show cause as among the papers upon which the plaintiffs based their motion. Upon the hearing counsel for defendants appears to have objected to the consideration of certain exhibits by the court, on the ground that such exhibits had not been served upon him. It is not distinctly shown, however, that this objection extended to the minutes taken by Mr. Wood. The position of defendants' counsel seems rather to have been that it made no difference what those minutes contained as the court must be guided by the official minutes alone; and in this position he was sustained by Mr. Justice DYKMAN.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the plaintiffs' motion to resettle the order of July 23, 1898, granted by inserting in said order a proper recital of Mr. Wood's minutes as among the plaintiffs' papers.

All concurred.

Order reversed, with ten dollars costs and disbursements, and plaintiffs' motion to resettle order of July 23, 1898, granted by inserting in said order a recital of Mr. Wood's minutes as among the papers.

Motion to dismiss appeal from order of July 23, 1898, denied, without costs.

Motion to dismiss appeal from order of November 10, 1898, granted, without costs.